IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMIE GREENWOOD, Individually and on Behalf of All Others Similarly Situated,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:21-CV-2459-L** |
| **COTTONWOOD FINANCIAL, LTD.; COTTONWOOD FINANCIAL WISCONSIN, LLC; COTTONWOOD FINANCIAL ARIZONA, LLC; COTTONWOOD FINANCIAL COLORADO, LLC; COTTONWOOD FINANCIAL KANSAS, LLC; COTTONWOOD FINANCIAL IDAHO, LLC; COTTONWOOD FINANCIAL ILLINOIS, LLC; COTTONWOOD FINANCIAL MICHIGAN, LLC; COTTONWOOD FINANCIAL MISSOURI, LLC; COTTONWOOD FINANCIAL OHIO, LLC; COTTONWOOD FINANCIAL TEXAS, LLC; COTTONWOOD FINANCIAL UTAH, LLC; COTTONWOOD FINANCIAL VIRGINIA, LLC; COTTONWOOD FINANCIAL WASHINGTON, LLC; COTTONWOOD FINANCIAL AUSTIN, CSO; and CF NEW MEXICO, LLC,** | § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Compel Arbitration, Dismiss Plaintiff's Class

Claims, and Stay Proceeding (Doc. 7), filed January 7, 2022. On July 29, 2022, the United States

**Memorandum Opinion and Order – Page 1**

Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 28) ("Report"), recommending that the court grant Defendants' Motion to Compel Arbitration, deny without prejudice Defendants' Motion to Dismiss Plaintiff's Class Claims, and grant Defendants' Motion to Stay Proceeding pending resolution of the arbitration. For the reasons that follow, the court **accepts in part and rejects in part** the magistrate judge's recommendation.

I.   **Defendants' Objection to the Report**

On August 12, 2022, Defendants filed objections (Doc. 29) in which they agreed that Plaintiff should be compelled to arbitrate but contend that the magistrate judge "erred by not deciding whether [Plaintiff] could arbitrate her class claims." Defs.' Obj. 1. Regarding the latter issue, Defendants argue that the magistrate judge overlooked Fifth Circuit authority that clearly provides that the issue of the availability of class arbitration is a threshold or "gateway" issue for the court, not arbitrators to decide. *Id.* at 4. For support, Defendants rely on *20/20 Communications, Incorporated v. Crawford*, 930 F.3d 715 (5th Cir. 2019). Defendants assert that the magistrate judge's reliance on *Pedcor Management Company Welfare Benefit Plan v. Nations Personnel of Texas, Incorporated*, 343 F.3d 355 (5th Cir. 2003), for the proposition that—"[a]rbitrators are supposed to decide whether an arbitration agreement forbids or allows class arbitration"—is misplaced because:

> [I]n *20/20 Communications*, the Fifth Circuit explained that "*Pedcor* 'did not . . . stand for the proposition that the availability of class determination must always be decided by the arbitrator.' Rather, *Pedcor* holds only that, 'if parties agree to submit the issue of arbitrability to the arbitrator, then the availability of class or collective arbitration is a question for the arbitrator instead of the court.'"

Defs.' Obj. 6 & n.1 (quoting *20/20 Commc'ns, Inc.*, 930 F.3d at 718 n.1) (quoting *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 196 (5th Cir. 2016)). In addition, Defendants contend

**Memorandum Opinion and Order – Page 2**

that the Loan Agreement at issue prohibits class arbitration altogether and, thus, requires dismissal of Plaintiff's class claims.

Defendants appear to be conflating the issue of arbitrability (which claims are arbitrable) and the issue of whether Plaintiff's class claims should be dismissed for failure to state a claim upon which relief can be granted. Defendants never previously raised the argument that they now assert—that the issue of whether Plaintiff's class claims are arbitrable is a gateway issue that should be decided by the court, rather than the arbitrator. They, instead, sought, and continue to seek, dismissal of Plaintiff's class claims on the ground that the Loan Agreement prohibits class arbitration and that dismissal of such claims is required under the Loan Agreement. Defendants further assert that the Loan Agreement does not permit Plaintiff to assert class claims in any venue, arbitration or otherwise. It was in this context that the magistrate judge determined that Defendants' motion to dismiss Plaintiff's class claims and argument that such claims should be dismissed in light of the Loan Agreement's waiver language should be decided by the arbitrator.

Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court. *See Benamou v. Wells Fargo Bank Nat'l Assoc. for Carrington Mortg. Loan Trust*, 711 F. App'x 241, 242 (5th Cir. 2018) (quoting *Freeman v. City of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge.")). In not presenting their argument regarding the issue of arbitrability or the availability of class arbitration to the magistrate judge and asserting the argument for the first time in their objections, Defendants waived this legal argument. Accordingly, this objection by Defendants is **overruled**.

Even if not waived, the court agrees with the magistrate judge that the issue of whether the Loan Agreement requires dismissal of Plaintiff's class claims against Defendants in this case should be decided by the arbitrator. The Report does not address in detail this issue, and the court's reasons for reaching this conclusion differ slightly from those of the magistrate judge and focus on the language of the Arbitration Provision in the Loan Agreement.

The Arbitration Provision included in the Loan Agreement defines "dispute" and "disputes" in paragraph one in "the broadest possible meaning" to include:

> (a) all claims, disputes, or controversies arising from or relating directly to . . . the **validity and scope of this Arbitration Provision** and any claim or attempt to set aside this Arbitration Provision; (b) . . . [and] **this Loan Agreement (including the Arbitration Provision)** . . . ; (i) . . . **all claims asserted by you . . . as a representative and member of a class of persons, or in any other representative capacity, against us and/or Related Third Parties[.]**

Defs.' App. 31 (Doc. 9) (emphasis added). The Arbitration Provision goes on to explain in paragraphs two and three that *all disputes*, including any class claims brought by Plaintiff shall be decided by the arbitrator:

> 2. You acknowledge and agree that by entering into this Arbitration Provision:
>
> (a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;
>
> (b) **YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT**, OTHER THAN A SMALL CLAIMS TRIBUNAL, **RESOLVE ANY DISPUTE** ALLEGED AGAINST US OR RELATED THIRD PARTIES; and
>
> (b) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, . . . OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.
>
> 3.   Except as provided in <u>Paragraph 6</u> below, **all disputes including any Representative Claims against us and/or Related Third Parties shall be resolved**

> **by binding arbitration** <u>only</u> on an individual basis with you. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION, THAT IS, **THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, . . . OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.**

*Id.* (emphasis added).

Thus, while the Arbitration Provision states that Plaintiff waives her right to bring class claims or participate as a member of a class action in any lawsuit, it makes clear that all disputes regarding the Loan Agreement, the Arbitration Provision, and claims by Plaintiff, whether in an individual or representative capacity, would be decided by the arbitrator, not the court. In other words, even if Defendants' interpretation of the Arbitration Provision in the Loan Agreement is correct, the parties' agreement requires that Defendants' argument— that dismissal of Plaintiff's class claims is appropriate because she waived her right to bring such claims *in any venue, including arbitration*—must be presented to the arbitrator to decide, together with all other "disputes" of the parties. *See Sun Coast Res., Inc. v. Conrad*, 956 F.3d 335, 338 (5th Cir. 2020) (discussing the Fifth Circuit's opinion in *20/20 Communications, Inc. v. Crawford* and concluding that "[b]y various indications, the arbitration agreement here appears to assign the question of class arbitrability to the arbitrator rather than to the court, overcoming the presumption we articulated in *20/20*."). Accordingly, while the availability of class determination is not necessarily always decided by the arbitrator, the parties' arbitration agreement in this case requires that the arbitrator decide the issues raised by Defendants regarding the viability and arbitrability of Plaintiff's class claims. *See id.*

## II.   Stay of the Proceedings Pending Arbitration

As indicated, the magistrate judge recommends that a stay, rather than dismissal, is appropriate.  For support, the magistrate judge quoted *Ruiz v. Donahoe*, 784 F.3d 247, 249 (5th Cir.

**Memorandum Opinion and Order – Page 5**

2015), for the proposition that, "[i]f a dispute is subject to mandatory grievance and arbitration procedures, then the proper course of action is usually to stay the proceedings pending arbitration." Report 18. The magistrate judge also noted that *Ruiz* cited *Williams v. Cigna Financial Advisors, Incorporated*, 56 F.3d 656, 658-59, 662 (5th Cir. 1995), and 9 U.S.C. § 3.

Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides for a stay pending arbitration; however, as the Fifth Circuit in *Ruiz* explained regarding binding precedent in this Circuit, "dismissal may be appropriate 'when *all* of the issues raised in the district court must be submitted to arbitration.'" *Ruiz*, 784 F.3d at 249-50 & n.13 (quoting *Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the FAA. *Alford*, 975 F.2d at 1164. (citation omitted). As all claims in this action are subject to arbitration, the court determines that there is no reason for it to retain jurisdiction over the action as recommended by the magistrate judge. The court, therefore, **rejects** the recommendation that it grant Defendants' request to stay the proceedings in this case pending resolution of the arbitration.

## III.   Conclusion

Having reviewed Defendants' Motion, the parties' briefs and evidence, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report objected to by Defendants, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepted** as those of the court, *except* for the magistrate judge's recommendation that the court stay the proceedings in this case pending resolution of the arbitration, which is **rejected**.

**Memorandum Opinion and Order – Page 6**

Accordingly, the court **grants** Defendants' Motion to Motion to Compel Arbitration (Doc. 7); **denies without prejudice** Defendants' Motion to Dismiss Plaintiff's Class Claims (Doc. 7), which issue shall be decided by the arbitrator; and **denies** Defendants' Motion to Stay Proceeding (Doc. 7), as it has determined that all claims and disputes of the parties are subject to arbitration, and there is no reason for it to retain jurisdiction over the action.  Further, this action is **dismissed with prejudice**, and the clerk of the court is **directed** to term all pending motions.  If Plaintiff wishes to pursue her claims against Defendants, she must do so in arbitration in accordance with the Arbitration Provision in the Loan Agreement.

    **It is so ordered** this 30th day of August, 2022.

                                                                  Sam A. Lindsay
                                                                  United States District Judge